UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**YOLANDA SALGADO-RIOS**,                    Case No. 1:20-cv-60

        Plaintiff,                               Hon. Paul L. Maloney

v.

**DEPARTMENT OF HOMELAND SECURITY, et al.**,

        Defendants.

---

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS

The Freedom of Information Act (herein "FOIA") requires that a government agency make a determination on a FOIA request within 20 business days. 5 U.S.C. § 552(a)(6)(A)(i). An agency may extend its response time in case of "unusual circumstances," by no more than 10 business days if it sends the requestor "written notice" of the extension. 5 U.S.C. § 552(a)(6)(B)(i).

Plaintiff made FOIA requests to Defendants on August 11, 2019. Defendants have a long-standing practice of "systematic delay" in responding to FOIA requests. *Nightingale v. USCIS*, 333 F.RD. 449, 453 (N.D. Cal. 2019). Pursuant to their practice, Defendants failed to make a determination within 30 business days. After 110 business days - no determinations having been made still - Plaintiff commenced this lawsuit on January 24, 2020. Only then did Defendants take their obligation to process the FOIA requests promptly with any degree of seriousness.  Plaintiff stipulated to an extension on

1

Defendants' responsive pleading until March 11, 2020. ECF No. 11, PageID.40-42. On the very day of this extended deadline, Defendant U.S. Immigration and Customs Enforcement (herein "ICE") finally emailed at 2:43 PM EST a FOIA determination and responsive nonexempt records and filed a motion to dismiss based on mootness at 4:37 PM EST. ECF No. 13, PageID.44-45 & No. 14, PageID.46-55.

Plaintiff is eligible for attorney fees on a catalyst theory because "the prosecution of the lawsuit was reasonably necessary to obtain requested information and… the existence of the lawsuit had a causative effect upon the release of that information." *GMRI, Inc. v. EEOC*, 149 F.3d 449, 451-52 (6th Cir.1998).

FACTS AND PROCEDURAL HISTORY

Plaintiff and her minor daughter are asylum seekers from the state of Puebla, Mexico that came to the United States in July 2019 after Plaintiff's brother was assassinated. After being released from detention by Defendant Department of Homeland Security (herein "DHS"), they moved to Ottawa County, Michigan where they have family. A church in Ottawa County, Michigan paid undersigned counsel to represent Plaintiff and her daughter in their asylum case. Plaintiff and her daughter's immigration cases are pending; they have not yet been scheduled to appear for a hearing in immigration court.

Undersigned counsel regularly makes FOIA requests for his immigration clients because he is "duty-bound to make reasonable inquiry into the applicable facts of a case." *Nightingale*, at 454. For this reason, he filed FOIA requests on behalf of Plaintiff on

2

August 11, 2019.[1] Defendants having still not made FOIA determinations 108 business days later, undersigned counsel and Plaintiff entered into an additional representation agreement for FOIA litigation. Under the agreement, counsel agreed to represent in this lawsuit without requiring that any attorney fees be paid by Plaintiff or her church and to instead seek any and all compensation for his representation pursuant to 5 U.S.C. § 552(a)(4)(E)(i). This lawsuit was filed on January 24, 2020, 110 business days after the relevant FOIA requests were made. At the time of filing, Defendants had made no determinations on the relevant FOIA requests.

On February 24, 2020 Defendant United States Citizenship and Immigration Services (herein "USCIS") made a FOIA determination. ECF No. 14, PageID.48. The determination stated that "five (5) pages [of records in USCIS's possession] originated from ICE and that USICS [sic] had sent the pages to the ICE FOIA Office for processing." *Id*. On February 28, 2020, ICE made a determination and provided four pages of responsive records. *Id*, at PageID.49.

Counsel spoke by phone on March 4, 2020 at which time counsel for the government, Ms. Babinsky, first indicated an intention to file a motion seeking dismissal of the matter based on mootness. On March 8, 2020, undersigned counsel emailed Ms. Babinsky and stated "As for mootness, the complaint is certainly not moot as I have not

---

[1] ICE claims that it did not receive the FOIA request and could not locate it even after an elaborate search. ECF No. 14, PageID.49. This claim is not convincing as undersigned counsel sent the FOIA request by email to ice-foia@dhs.gov on August 11, 2019 at precisely 8:24 PM EST. See **Exhibit A**. As it was then, the above email address is stated on DHS's website to be the appropriate email address "for filing Freedom of Information Act (FOIA) requests" with ICE. See https://www.dhs.gov/foia-contact-information (Last accessed on April 29, 2020).

received the records USCIS forwarded to ICE."

In another phone conversation between counsel on March 10, 2020, Ms. Babinsky again raised the issue of mootness and argued that the records referred from USCIS to ICE were not late since the "referral" had only been made on February 24, 2020. Shortly after the phone call, undersigned counsel sent Ms. Babinsky another email explaining how DHS's own regulation lead to a contrary conclusion. The email stated in relevant part "'All . . . referrals received by DHS will be handled according to the date that the FOIA request initially was received by the first component or agency, not any later date.' Responsibility for Responding to Requests, 6 C.F.R. § 5.4(g) (2019).… I have not received a determination from ICE regarding these… pages. As such, the case is not moot."

Less than twenty-four hours later (and on the date of Defendants' extended deadline to file a response, March 11, 2020), undersigned counsel received an email from Dexter E. Johnson, a supervisory paralegal specialist in the litigation division of ICE's FOIA office, with an ICE FOIA determination and the awaited records attached. *See* **Exhibit B**.

LAW AND ARGUMENT

Pending before the Court is Defendants' motion to dismiss based on mootness. ECF No. 13, PageID.44-45. Numerous courts have held that when the government makes a FOIA determination and disclosures after the commencement of a lawsuit, a Plaintiff may still maintain a FOIA claim in federal court to "test the adequacy of the disclosures,

4

once made." *Crooker v. Tax Div. of DOJ*, No. 94- 30129, 1995 WL 783236, at *8 (D. Mass. Nov. 17, 1995) (magistrate's recommendation) adopted, (D. Mass. Dec. 15, 1995), aff'd on other grounds per curiam, No. 96-1094 (1st Cir. Aug. 20, 1996). See also *Pollack v. Dep't of Justice*, 49 F.3d 115, 119 (4th Cir. 1995); *Linder v. Executive Office For United States Attorneys*, 315 F.Supp.3d 596, FN 3 (D.D.C. 2018); *Lechliter v. Rumsfeld*, 182 Fed.Appx. 113 FN3 (3rd Cir. 2006).

The above stated, after having had an opportunity to review and discuss the relevant FOIA determinations and records with counsel (the last of which were delivered to counsel on the date of Defendants' motion), Plaintiff has now elected not to continue with any challenge to the adequacy of Defendants' disclosures. In other words, Plaintiff no longer opposes Defendants' motion to dismiss.

Plaintiff "may still seek attorney fees, because the issue of attorney fees is 'ancillary to the underlying action and survives independently under the court's equitable jurisdiction.'" *Roman v. Dep't of State*, 1:15-cv-0087-PLM-RSK PageID.124 (W.D. MI March 27, 2017 report and recommendation of Magistrate Kent) citing *GMRI, Inc. v. EEOC*, 149 F.3d 449, 451 (6th Cir.1998). This Court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i).

A formal judgment in Plaintiff's favor granting injunctive relief is not necessary for Plaintiff to have "substantially prevailed" under the FOIA. If Plaintiff's lawsuit served as a "catalyst" in getting the government to change its conduct, Plaintiff can be

considered to have substantially prevailed. *GMRI, Inc. v. EEOC*, 149 F.3d 449 (6th Cir. 1998); *Judicial Watch, Inc. v. FDA*, 604 F. Supp. 2d 171 (D.D.C. 2009); *Terris, Pravlik & Millian, LLP v. Centers for Medicare & Medicaid Services*, 794 F. Supp. 2d 29 (D. D.C. 2011); *Summers v. DOJ*, 569 F.3d 500, 502-503 (D.C. Cir. 2009).

Plaintiff has substantially prevailed under this theory because the filing of his lawsuit altered the government's slowness and brought about disclosure. *Terris*, 794 F. Supp. 2d 29, 38 (D. D.C. 2011). See also *Judicial Watch*, 604 F. Supp. 2d 171, 173 (D.D.C. 2009) (awarding attorney fees on the basis that plaintiff substantially prevailed because "[i]n sharp contrast to its lackadaisical response" prior to the filing of the lawsuit, the agency "disclosed the requested documents shortly after this action was commenced by plaintiff."); *GMRI*, 149 F.3d 449, 451-52 (6th Cir.1998) (A Plaintiff "substantially prevailed if it demonstrates that the prosecution of the lawsuit was reasonably necessary to obtain requested information, and that the existence of the lawsuit had a causative effect upon the release of that information.").

As noted in *Nightingale*, when immigration attorneys file FOIA requests with Defendants, the norm is "chronic delays for nearly all their clients". *Id*, at 457. As attested to in an accompanying declaration by counsel, when a FOIA lawsuit is not filed, the Defendants' delays may continue indefinitely. In the matter at hand, a lawsuit was filed and, as a deadline for Defendants became imminent, they suddenly became remarkably diligent.

Plaintiff has substantially prevailed under the catalyst theory. Without the filing of a lawsuit, as described in the declaration, USCIS may well have delayed a FOIA

determination for as much as two years. The case is even stronger against ICE. The ICE FOIA, despite being properly filed, fell into a void. As described in the declaration, any effort to follow up shy of a lawsuit also had a significant likelihood of being completely ignored. There can be no reasonable doubt that ICE changed its conduct in response to the lawsuit.

An award of attorney fees would be in the public interest. "The public has a unique interest in the enforcement and vindication of the FOIA. Each time an agency disregards its obligation to diligently answer and provide information in response to FOIA requests, the public is harmed...the public interest is served when...a court refuses to condone the agency's behavior by ignoring its unreasonable conduct." *Dixie Fuel Co. v. Callahan*, 136 F.Supp.2d 659, 664 (E.D. KY 2001), citing *Seegull Mfg. Co.*, 741 F.2d at 886 (6th Cir. 1984).

Another equitable factor for federal courts to consider is whether there was a "commercial benefit to the complainant and the nature of its interest in the records" *Id*, at 664 citing *Detroit Free Press, Inc. v. D.O.J.*, 73 F.3d 93, 97 (6th Cir. 1996). Here, Plaintiff stood to gain no commercial benefit from this litigation.

The FOIA attorney fee provision is designed to "relieve plaintiffs with legitimate claims of the burden of legal costs." *Id*, at 661 citing *Falcone v. IRS*, 714 F.2d 646, 647 (6th Cir. 1983). It is relevant to note that undersigned counsel is a solo practitioner primarily representing individual (often working-class) immigrants and, in the case at hand, his client is an indigent immigrant whose asylum case is being funded by her church and whose FOIA litigation was undertaken on a completely contingent basis. The

practical effect of not awarding attorney fees is that undersigned counsel will probably stop offering to represent in FOIA litigation on a completely contingent basis. "The Congressional policy behind the FOIA is to encourage public access to government information and to enable individual citizens to pursue their statutory rights…." *Id*, at 661 citing *Seegull Mfg. Co.*, 742 F.2d at 886 n. 1. If they are not able to receive an award of attorney fees, the right of working class FOIA requestors to have their administrative remedies considered exhausted under 5 U.S.C. § 552(a)(6)(C)(i) and to hold the government accountable in federal court for delays is a sham. In other words, without attorney fees, working class immigrants have no rights under FOIA; as has been the status quo, the government can and often does delay responding to a request indefinitely without consequence.

An attorney fee award should be based on "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*, 665 citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "[A] reasonable hourly rate should be sufficient to encourage competent lawyers in the relevant community to undertake legal representation." *Lamar Adver. Co. v. Chrter Twp. Of Van Buren*, 178 Fed.Appx. 498, 501-02 (6th Cir. 2006).

Information that may be of relevance to the assessment of a reasonable hourly rate for undersigned counsel is contained in an appended declaration. Likely the best source of information about hourly rates for attorneys in Michigan comes from the Economics of

Law Practice Survey.[2] Federal courts have often used this survey as a guide in accessing reasonable fees. *Beck v. Manistee County*, 1:97-cv-00533-RHB ECF No. 347 (W.D. MI October 14, 2005); *Bell v. Prefix, Inc.*, 784 F.Supp.2d 778, 783 (E.D. MI 2011). As indicated in the declaration, undersigned counsel earned over $111,000 in gross income in 2019 - slightly more than the median sole practitioner with an office outside his home. Counsel requests the median hourly rate for a Michigan immigration attorney - $250 per hour. He requests fees for twenty (20) billable hours. As outlined in the declaration, expenses in the matter amount to $445.50 for the commencement of this action and service of process.

CONCLUSION

Wherefore, Plaintiff respectfully moves this Court for an award of attorney fees and expenses in the amount of $5,445.50.

                                        Respectfully Submitted,

Dated: 04/30/2020                       /s/Marc Asch, Esq. (P75499)
                                        Attorney for Plaintiff
                                        137 N Park St., Suite 201B
                                        Kalamazoo, MI 49007
                                        Tel: (617) 653-8184
                                        marc.a.asch@gmail.com

---

[2] The latest edition of the survey is accessible at https://www.michbar.org/file/pmrc/articles/0000153.pdf (Last accessed on April 30, 2020).