UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**YOLANDA SALGADO-RIOS**,  Case No. 1:20-cv-60

        Plaintiff,  Hon. Paul L. Maloney

v.

**DEPARTMENT OF HOMELAND SECURITY, et al.**,

        Defendants.

---

## **DECLARATION OF MARC A. ASCH, ESQ.**

I, Marc A. Asch, make the following declaration based on my personal knowledge and declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a 2005 graduate of Cornell University and graduated from Villanova Law School in 2010 where I attended on a full scholarship.

2. I am a practicing attorney licensed to practice by the state bar of Michigan (P75499). I have been a solo practitioner since 2013 and my office is located at 137 N. Park St, Kalamazoo, MI 49007. I have been quite fortunate to have a thriving practice with many clients - sometimes too many. It is not uncommon for me to work 6 or even 7 days in a week to keep up with my workload. My gross income in 2019 was more than $111,000.

3. Before opening my own practice, I was a legal aid attorney from 2011 to 2013. I am licensed to practice before all courts of the state of Michigan, this Court, the Sixth Circuit and the Executive Office for Immigration Review.

4. Currently, approximately 85% of my practice is immigration law. I regularly practice before U.S. Citizenship and Immigration Services (USCIS) and the Executive Office for Immigration Review (EOIR). I also regularly file both FOIA requests with Defendants and FOIA lawsuits against Defendants. See *Rader et al. v. Department of Homeland Security, et al.*, 1:20-cv-284 (W.D. MI 2020); *Osorio-Rama v. Department of Homeland Security, et al.*, 1:19-cv-648 (W.D. MI 2019); *Doe v. Department of Homeland Security, et al.*, 1:19-cv-288 (W.D. MI 2019); *Moaiery v. United States Citizenship and Immigration Services, et al.*, 19-cv-95 (W.D. MI 2019); *Bryant v. United States Citizenship and Immigration Services, et al.*, 18-cv-1285 (W.D. MI 2018); *Hutcheson v. United States Customs*

        *and Border Protection, et al.*, 18-cv-1172 (W.D. MI 2018); *Ferreira Ream, et al. v. United States Customs and Border Protection, et al.*, 1:15-cv-642 (W.D. MI 2015). I have also been cited as an authority on the matter in a nationwide class action against Defendants for their "systematic delay" in responding to FOIA requests. *Nightingale v. DHS, et al.*, 333 F.RD. 449, 454, 460 (N.D. Cal. 2019).

5. There are few, if any, attorneys in the Western District of Michigan that have my FOIA litigation experience combined with my immigration experience. These combined types of experience are vital to the success of immigration related FOIA litigation. Without the ability and willingness of counsel to pursue FOIA litigation, an immigration client is likely to wait an inordinate amount of time to review their own records and their legal interests may be seriously harmed by the delay. Without the relevant immigration law knowledge and experience, the records - once provided - will not be intelligible.

6. My experience over the years is that the Department of Homeland Security (DHS) and its components rarely comply with the time limitations for responding to a FOIA request set forth at 5 U.S.C. § 552(a)(6).

7. When DHS and its components fail to respond within the time limitations set forth at 5 U.S.C. § 552(a)(6), I always advise my clients about the right to sue. I do not see similar systemic problems with other federal agencies with which I regularly interact such as the Equal Employment Opportunity Commission and I presume the issue is that DHS has not been sufficiently incentivized to comply with the law and, as a matter of policy or carelessness, has failed to devote sufficient resources to do so.

8. Many of my clients are afraid of governmental retaliation or are otherwise reluctant to file a lawsuit. Sometimes the proper venue would be in a jurisdiction where I am not licensed in the relevant federal court. In these instances where I do not file a lawsuit, the delays by DHS and its components will continue indefinitely. In my experience, the filing of a lawsuit is the only way to effectively address indefinite delays by DHS.

9. To provide an example, I filed a FOIA request with USCIS for a client on July 31, 2018 and the FOIA request was assigned tracking number NRC2018118849. I was not able to file a lawsuit for this client because he lives in the Southern District of Florida where I am not admitted. The status of the request can be checked by entering the tracking number at https://first.uscis.gov/#/check-status. As of this evening, April 29, 2020 - almost two years after filing the request - the case is still "in process" according to the website. The request made was a simple garden variety request for my clients' own papers. Please also take note that the current average processing times listed at this website are more than double the time limitations for responding to a FOIA request set forth at 5 U.S.C. § 552(a)(6).

2

10. The way in which ICE responded to Yolanda Salgado-Rios' papers referred from USCIS to ICE is completely abnormal. Never in my life have I had a supervisory paralegal specialist in the litigation division of ICE's FOIA office email me missing records within 24 hours of me noting that I am still waiting on these records. This response was very obviously taken because ICE was trying to moot the lawsuit and there was an imminent deadline for Defendants in the litigation.

11. When USCIS refers records to ICE for FOIA determination, as in Ms. Salgado-Rios' case, USCIS will state in its determination that "Should you wish to contact ICE concerning the status of these referrals, please contact the ICE FOIA Office via phone at (866) 633-1182 or via email at ICE-FOIA@dhs.gov."

12. In my experience, no one responds to emails sent to ICE-FOIA@dhs.gov regarding USCIS referrals. On December 17, 2020, I sent an email to that address regarding a referral from USCIS to ICE. *See* **Exhibit C**. More than four months later, there has been no response whatsoever - not even an auto-reply acknowledging receipt of the email. I sent another email concerning another client on March 25, 2020. *See* **Exhibit D**. As noted in the email, I've been waiting on records from ICE regarding this client since May 2019. I am still waiting - there has been no response whatsoever to my March 25, 2020 email, not even an auto-reply acknowledging receipt. In short, emailing ICE is, essentially, like yelling in to the wind. The response when I email an assistant United States attorney regarding a lawsuit I have filed is quite different.

13. All of the factual statements made in my brief in support of Plaintiff's motion for attorney fees and costs are true and correct to the best of my information, knowledge and belief.

14. I have reviewed my contemporaneously kept time records (**Exhibit E**) and made reductions to the hours billed as I believed appropriate. The records are true and accurate and I believe the number of hours billed for zealously representing my client in this matter are appropriate and reasonable.

15. Expenses in this matter were $400 for the filing fee and $45.50 for service of process - the summons and complaint needed to be served a second time due to an error on the initial summons. *See* PageID.22.

16. This declaration is executed by me in the state of Michigan.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 30, 2020                    /s/ Marc Asch, Esq. (P75499)
                                          Attorney for Plaintiff