UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| YOLANDA SALGADO-RIOS,            )<br>      Plaintiff,  )<br>           )<br>-v-          )<br>           )<br>DEPARTMENT OF HOMELAND SECURITY, )<br>et al.,         )<br>      Defendants. )<br>_____)| No. 1:20-cv-60<br><br>Honorable Paul L. Maloney |

## OPINION

This matter is before the Court on Defendants' motion to dismiss (ECF No. 13) and Plaintiff's motion for attorney fees (ECF No. 18). For the reasons to be explained, the motion to dismiss will be granted and the motion for attorney fees will be denied.

The facts of this case, as taken from the complaint, are simple. On August 11, 2019, Plaintiff Yolanda Salgado-Rios, through counsel, sent a Freedom of Information Act ("FOIA") request by email to United States Citizenship and Immigration Services ("USCIS") requesting all records the agency had pertaining to her and her daughter. On the same day, she sent an identical request to Immigrations and Customs Enforcement ("ICE"). As of January 24, 2020, Plaintiff had not received anything from either Defendant, so she filed this suit.

In their motion to dismiss, Defendants state that USCIS sent a letter to Plaintiff's counsel on August 28, 2019 stating that it had received the request and that there may be some processing delay. On February 24, 2020, USCIS sent Plaintiff the requested documents. ICE, however, did not have a record of Plaintiff's request. When it received

Plaintiff's request through this litigation on February 4, 2020, it began to process the request; on February 28, 2020, ICE responded to Plaintiff's request.

Given that the two requests had been fulfilled, on March 11, 2020, Defendants moved to dismiss for lack of subject matter jurisdiction. Plaintiff agrees that the case is now moot, and she does not oppose the motion to dismiss (*see* ECF No. 19 at PageID.146). Thus, the motion to dismiss can easily be granted. However, Plaintiff has not withdrawn her request for attorney's fees.

FOIA claims become moot when the requested documents are disclosed. *See, e.g., Choiniere v. Federal Bureau of Prisons*, No. 08-14854, 2010 WL 1258224, at *5 (E.D. Mich. Mar. 4, 2020) (Report and Recommendation), *adopted by* 2010 WL 1258222. However, a Plaintiff may still seek attorney fees because the issue of attorney fee is "ancillary to the underlying action and survives independently under the Court's equitable jurisdiction." *Roman v. United States Dep't of State*, No. 1:15-cv-87, 2017 WL 1380039, at *5 (W.D. Mich. March 27, 2017) (Report and Recommendation) (*citing GMRI, Inc. v. E.E.O.C.*, 149 F.3d 449, 451 (6th Cir. 1998)), *adopted by* 2017 WL 1366504. This Court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i).

There is a two-part test to determine whether an award of fees is appropriate. First, the Court must determine whether the Plaintiff substantially prevailed and is eligible for fees. *GRMI*, 149 F.3d at 451. Then, the Court must decide whether the plaintiff is entitled to an award based on a balancing of equitable considerations. *Id.* Court consider the following

factors in determining whether a FOIA plaintiff is entitled to attorney fees: "[1] the benefit to the public deriving from the case; [2] the commercial benefit to the complainant and the nature of its interest in the records; and [3] whether the agency's withholding [of the records] had a reasonable basis in law." *Id.* at 452, quoting *Detroit Free Press, Inc. v. Dep't of Justice*, 73 F.3d 93, 98 (6th Cir.1996) (quotation marks removed).

Under FOIA, a complainant has "substantially prevailed" if her suit yields relief in the form of "a judicial order, or an enforceable written agreement or consent decree" or a "voluntary or unilateral change in position by the agency" that is not insubstantial. 5 U.S.C. § 552(a)(4)(E)(ii). The key question is whether the institution and prosecution of the litigation caused the agency to release the documents obtained. *See, e.g., Grand Canyon Trust v. Bernhardt*, 947 F.3d 94, 97 (D.C. Cir. 2020). The mere sequence of events is not sufficient to establish that the lawsuit was the triggering agent for the agency's response. *Id.*; *see also Hertz Schram PC v. FBI*, No. 12-cv-14234, 2015 WL 5719673, at *5 (E.D. Mich. Sept. 30, 2015) (finding that a delay in FOIA processing due to a backlog and high volume of requests explained the timing of the FBI's response, such that the plaintiff was not entitled to attorney fees).

Plaintiff has failed to show that her litigation caused the agencies' production of documents. Plaintiff produces no evidence to establish that the litigation caused the agencies to produce the documents; instead, she relies only on the sequence of events. Because the litigation occurred before production, Plaintiff argues, the litigation must have spurred the production. However, back in August 2019, USCIS notified Plaintiff that it was experiencing a high volume of requests and that it was working through a backlog of requests. There is no

3

evidence that Plaintiff's litigation spurred the production. It appears to have been delayed by USCIS's normal backlog, like the FBI's normal backlog in *Hertz Schram*. Thus, the Court finds that Plaintiff did not "substantially prevail" in the litigation and she is not entitled to attorney fees. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss (ECF No. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for attorney fees (ECF No. 18) is **DENIED**.

Judgment to follow.

**IT IS SO ORDERED.**

Date: January 22, 2021                    /s/ Paul L. Maloney
                                          Paul L. Maloney
                                          United States District Judge